PETALUMA & SANTA ROSA RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13830. Promulgated April 12, 1928.

*John C. Altman, Esq.*, and *B. H. Hicklin, C. P. A.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

542

OPINION.

TRAMMELL: With respect to the deductibility of the State franchise tax, the question is, When did that tax accrue? It is contended by the petitioner that the franchise taxes which were assessed and

became due and payable in 1921 were deductible in 1920 upon the theory that they were based upon the earnings of the prior year. The petitioner relied upon the cases of *United States* v. *Anderson* and *United States* v. *Yale & Towne Manufacturing Co.*, 269 U. S. 422, in which the United States Supreme Court held that the munitions tax which was levied for 1916 upon munitions manufactured and sold in that year accrued in 1916, although it did not become due and payable until 1917. In that case the court said:

Only a word need be said with reference to the contention that the tax upon munitions manufactured and sold in 1916 did not accrue until 1917. In a technical legal sense, it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. In this respect, for the purposes of accounting and of ascertaining true income for a given accounting period, the munitions tax here in question did not stand on any different footing than other accrued expenses appearing on the appellee's books. In the economic and bookkeeping sense, with which the statute and treasury decision were concerned, the taxes had accrued. It should be noted that Section 13-d makes no use of the words "accrued" or "accrual," but merely provides for a return upon the basis upon which the taxpayer's accounts are kept, if it reflects income—which is precisely the return insisted upon by the Government. We do not think that the treasury decision contemplated a return on any other basis when it used the terms "accrued" and "accrual" and provided for the deduction by the taxpayer of items "accrued on their books."

In those cases the taxes were upon the profits from the manufacture and sale of munitions during 1916. In this case an entirely different situation is presented than was before the court in those cases. Here the tax which was assessed in the year 1921 was for that year. The period taxed was the year 1921 and not the year 1920. The tax for 1921 was measured by the gross receipts of 1920, but there was no liability in 1920 for the 1921 tax. In the *Anderson* and *Yale & Towne* cases, *supra*, all the facts occurred in 1916 which fixed the amount of the tax for that year although it was not due and payable until 1917. The tax was levied for 1916 based upon transactions which occurred during that year, but here the tax was upon franchises, railways, roadbed and other property for 1921 *measured* by gross receipts of 1920.

It is contended by the petitioner that on December 31, 1920, the petitioner had an absolute indefeasible liability to the State of California for a sum equal to a percentage of its gross receipts during that year and no event could have transpired to relieve it of that liability. No authority was cited in support of this contention and we have found none. On the contrary, a consideration of the statute leads us to the conclusion that there was no liability for the 1921 tax created by any facts which occurred in 1920. If the

corporation did not own the franchises and other property in 1921, there was no liability for the tax for that year, although the measure existed by which it could have been determined, if there was any liability. The 1921 tax was an expense of the business for that year and not for the prior year and it can not be deducted in the prior year as an accrued liability. With respect to the question as to whether the petitioner received any income from the purchase of its own bonds, the Board has heretofore decided with respect to the bonds which were purchased for investment purposes as well as for retirement purposes, that no income resulted therefrom. *Independent Brewing Co. of Pittsburgh*, 4 B. T. A. 870; *New Orleans, Texas & Mexico Ry. Co.*, 6 B. T. A. 436; *National Sugar Manufacturing Co.*, 7 B. T. A. 577; *Houston Belt & Terminal Ry. Co.*, 6 B. T. A. 1364.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

SMITH and STERNHAGEN dissent in part.